## Case No. 13,564.

### In re STURGEON.

[1 N. B. R. 498 (Quarto, 131);[1] 2 Am. Law T. Rep. Bankr. 7.]

District Court, D. Kentucky. 1868.

BANKRUPTCY—ADVISER OF ASSIGNEE—DISCHARGE—PETITION.

1. Neither court nor register can be the general adviser of assignees as to their acts.

2. No opinion will be given on abstract questions certified to the judge by the register.

[In the matter of Edward T. Sturgeon, a bankrupt.]

BALLARD, District Judge. The questions certified by the register in this case could not, it seems to me, have arisen in the course of the proceedings before him. Neither the register nor the district judge is the general adviser of the assignee. What the assignee is to do with notes and accounts which he has been ordered to sell, and which he has not been able to sell, he must ascertain from his own attorney. When he applies "for a settlement of his accounts and for a discharge from all liability as assignee," it will then be time enough for the court to say what is to be done with the notes and accounts which he has not been able either to collect or sell. I therefore decline to give any opinion on the first question certified at this time.

The second question certified, if I understand it, is this: Can a bankrupt obtain his discharge who has never filed his petition

therefor? The question is entirely abstract and I decline to answer it.

It appears that in this case the second and third meetings of creditors were ordered on application of the assignee, but still the register asks should this be done when the assets in the hands of the assignee, including the fifty dollars deposited by the bankrupt, will be insufficient to pay the costs of the proceeding. Manifestly the question asked is abstract, and consequently is not answered.